UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BAYRON ARMANDO ZARATE MOLINA,

                Petitioner,

    v.

BRUCE SCOTT, ET AL,

                Respondent.

Case No. 2:26-cv-01870-TLF

ORDER DENYING HABEAS RELIEF

Petitioner Bayron Armando Zarate Molina is currently detained by United States Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1. Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking immediate release from detention or, in the alternative, an individualized bond hearing. *Id.* at 34.

The government has filed a return memorandum along with a supporting declaration and exhibits. Dkts. 8, 9, 10. Petitioner filed a late reply, and the parties met and conferred; the Court allows the filing of and has considered the petitioner's Traverse. Dkt. 12, 14.

Having considered the petition, the government's motion, the briefs, and exhibits submitted by the parties, and the balance of the record, the Court holds that petitioner's federal habeas petition (Dkt. 1) is DENIED.

**Background:**

ORDER DENYING HABEAS RELIEF - 1

Petitioner is a native and citizen of Cuba who entered the United States as a refugee in 2017 and was granted Lawful Permanent Resident status on January 9, 2029. Dkt. 9, Declaration of Deportation Officer Kurtis Reed ("Reed Decl.") ¶¶ 5-6. On November 9, 2023, petitioner was convicted in the United States District Court for the Southern District of California under 18 U.S.C. § 545 for smuggling goods into the United States and sentenced a term of imprisonment of 48 months. Dkt. 10, Declaration of Lawrence Van Daley ("Van Daley Decl."), Ex. 2.

On October 30, 2025, ICE took petitioner into custody as soon as he was released, issued him a Notice to Appear ("NTA"), and transferred him to NWIPC. Dkt. 10, Van Daley Decl., Exs. 1,3. The NTA states plaintiff has been convicted for smuggling methamphetamine and charges him as removable under 8 U.S.C. § 1182(a)(2)(C), which applies to the illicit trafficking of any controlled substance. *Id*. at Ex. 3.

On February 9, 2026, an Immigration Judge denied petitioner's applications for withholding of removal and protection under the Convention Against Torture and ordered him removed to Cuba. *Id*. at Ex. 4. On March 9, 2026, plaintiff timely appealed. Dkt. 9, Reed Decl. ¶ 15.

**DISCUSSION**

**A.     Statutory Basis for Petitioner's Detention**

Title 8 U.S.C. § 1226 provides the framework for the arrest, detention, and release of non-citizens who are in removal proceedings. 8 U.S.C. § 1226; *see also Demore v. Kim*, 538 U.S. 510, 530 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process."); *Avilez v. Garland*, 69 F.4th 525, 529-

ORDER DENYING HABEAS RELIEF - 2

530 (9th Cir. 2023). Section 1226(a) grants the United States Department of Homeland Security ("DHS") the discretionary authority to determine whether a non-citizen should be detained, released on bond, or released on conditional parole pending the completion of removal proceedings, unless the non-citizen falls within one of the categories of criminals described in § 1226(c), for whom detention is mandatory until removal proceedings have concluded. 8 U.S.C. § 1226; *Jennings v. Rodriguez*, 583 U.S. 281, 303-06 (2018).

"Subsection C applies throughout the administrative and judicial phases of removal proceedings ...." *Avilez*, 69 F.4th at 535. This means that individuals who are detained under Section 1226(c) "are not statutorily eligible for release on bond during the judicial phase of the proceedings, except under the narrow circumstances defined by § 1226(c)(2) [where DHS determines release is necessary for witness-protection purposes and the noncitizen will not pose a danger or flight risk.]" *Id.* at 535-36; 8 US.C. § 1226(c).

The parties do not dispute petitioner is properly detained under § 1226(c). Dkt. 8 at 6; Dkt. 12 at 4 ("Petitioner does not contend that DHS mistakenly placed him into mandatory detention")("Petitioner does not seek review of a classification decision."). Therefore, he is not entitled to release or a bond hearing under the provisions of the applicable statute.

**B.    Due Process**

Even if petitioner's continued detention is statutorily permitted under 8 U.S.C. § 1226(c), it must also comport with due process. Petitioner argues that his ongoing detention violates his due process rights and is therefore entitled to release or a bond

ORDER DENYING HABEAS RELIEF - 3

hearing. Respondents argue that petitioner's continued detention is proper under the relevant statute.

In *Demore*, the Supreme Court rejected a due process challenge to § 1226(c), explained that Congress drafted § 1226(c) to respond to the high rates of crime and flight by removable non-citizens convicted of certain crimes, and held that "the Government may constitutionally detain deportable [non-citizens] during the limited period necessary for their removal proceedings." 538 U.S at 518-21, 526. The Supreme Court emphasized the relatively "brief" nature of the mandatory detention under § 1226(c), which has "a definite termination point" that, in most cases, resulted in detention of less than about five months. *Id.* at 529-30. The Court reasoned that under the Due Process Clause, a non-citizen could be entitled to "an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." *Id.* at 532.

Since the Supreme Court's decision in *Demore*, the Ninth Circuit has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so." *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018).

In cases involving § 1226(c), where the noncitizen has not previously received a bond hearing, judges in this District have adopted and applied a "multi-factor analysis that many other courts have relied upon to determine whether § 1226(c) detention has become unreasonable." *Martinez v. Clark*, 2019 WL 5968089, at *6-*7 (W.D. Wash.

ORDER DENYING HABEAS RELIEF - 4

May 23, 2019), *report and recommendation adopted*, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019). The Court considers the following factors:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) whether the detention will exceed the time the petitioner spent in prison for the crime that made him [or her] removable; (4) the nature of the crimes the petitioner committed; (5) the conditions of detention; (6) delays in the removal proceedings caused by the petitioner; (7) delays in the removal proceedings caused by the government; and (8) the likelihood that the removal proceedings will result in a final order of removal.

*Id.* at *9.

- **Length of Detention**

The first factor, the length of detention to date, is considered the most important factor in the analysis. *See*, *e.g.*, *Martinez*, 2019 WL 5968089, at *9; *Galoustian v. Scott, et al.*, No. C26-1847-KKE, 2026 WL 1784828, at *3 (W.D. Wash., June 22, 2026). This factor weighs in petitioner's favor, because petitioner has been detained since October 30, 2025 – almost eight months. *See Populus-Revuelta v. Scott*, 2026 WL 1067317, at *4 (W.D. Wash. Apr. 20, 2026) (finding that first *Martinez* factor favors petitioner detained for slightly over six months); *Odimara v. Bostock*, 2025 WL 1490395, at *5 (W.D. Wash. Mar. 27, 2025), *report and recommendation adopted,* 2025 WL 1489705 (W.D. Wash. May 23, 2025) (first factor favors petitioner detained for eight months).

- **Likely Duration of Future Detention**

The second factor is, "how long the detention is likely to continue absent judicial intervention; in other words, the anticipated duration of all removal proceedings including administrative and judicial appeals." *Martinez*, 2019 WL 5968089, at *9. This factor weighs in petitioner's favor because petitioner's order of removal may not become administratively final for months or years.

ORDER DENYING HABEAS RELIEF - 5

The government argues that this factor ways in favor of detention, because the briefing for the BIA appeal closed on June 8, 2026, "decisions in cases of this complexity are typically rendered within a matter of months after briefing closes", and "[t]here is no basis in the record to conclude that detention is likely to continue for an indefinite or excessively long additional period." Dkt. 8 at 9.

As the Court in *Galoustian* noted, "BIA appeals can stretch to longer than six months, and if the BIA denies his appeal, petitioner can appeal to the Ninth Circuit Court of Appeals, where appeals may not be resolved for more than another year or two." 2026 WL 1784828, at *3 (citing *Garcia Puron v. Hernandez*, No. 2:26-cv-01428-TLF, 2026 WL 1660337, at *4 (W.D. Wash. June 9, 2026).

- **Length of Detention Compared With Length of Imprisonment**

The third factor favors the government because petitioner was imprisoned for 48 months for his crimes, which is longer than his detention. At this point, the length of petitioner's detention is approximately 1/6 the length of the custodial portion of his 48-month sentence.

- **Nature of Crime**

The fourth favor weights in favor of the government, because petitioner was convicted of a serious felony under 18 U.S.C. § 545 for smuggling goods (methamphetamine) into the United States and sentenced a term of imprisonment of 48 months.

- **Conditions of Detention**

Under the fifth factor, the Court considers the conditions of petitioner's detention at the facility where he is detained. *Martinez*, 2019 WL 5968089, at *9. "The more that

ORDER DENYING HABEAS RELIEF - 6

the conditions under which the [non-citizen] is being held resemble penal confinement, the stronger [the] argument that he is entitled to a bond hearing." *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853, 860 (D. Minn. 2019) (citation and internal quotations omitted).

Neither party makes any specific arguments regarding the current conditions of confinement that petitioner is experiencing at NWIPC. Therefore, the Court considers this as a neutral factor.

- **Delays in Removal Proceedings**

Under the sixth and seventh factors, the Court considers "the nature and extent of any delays in the removal proceedings caused by the petitioner and the government, respectively." *Martinez*, 2019 WL 5968089, at *10. Here, there is no allegation or evidence of undue delays caused by either party in petitioner's ongoing removal proceedings. Accordingly, the Court finds the sixth and seventh factors weigh neutrally.

- **Likelihood that Removal Proceedings Will Result in a Final Order of Removal**

The Court declines to predict whether petitioner's removal proceedings will result in a final order of removal because there is insufficient information at this stage to make that determination. *See Juarez v. Wolf*, No. C20-1660-RJB-MLP, 2021 WL 2323436, at *7 (W.D. Wash. May 5, 2021) ("this Court is unwilling to conclude, based on the record before it, that the appeal is frivolous or that Petitioner will not ultimately prevail."). This factor is neutral.

As discussed above, the first two factors weigh in the petitioner's favor, third and fourth factors weigh in the respondents' favor, and the remaining factors are neutral. On

ORDER DENYING HABEAS RELIEF - 7

this record, Court therefore declines to find that petitioner's continued detention is unconstitutional for its indefinite length.

## CONCLUSION

For these reasons, the Court DENIES the habeas petition.

…

Dated this 1st day of July, 2026.

Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING HABEAS RELIEF - 8